UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JET PARTS ENGINEERING, INC., | CASE NO. C15-0530 RSM |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND TO MODIFY CASE SCHEDULE |
| QUEST AVIATION SUPPLY, INC., *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion to Compel Production of Documents and to Modify Case Schedule. Dkt. #43. Defendants seek an order compelling Plaintiff to produce certain categories of documents it believes have not been produced. *Id.* Plaintiff responds that it has neither objected to the production of documents nor withheld any documents in response to Defendants' requests, except for those few documents subject to confidentiality agreements with third parties. Dkt. #46. Plaintiff further responds that the documents that Defendants "believe" are being withheld simply do not exist. *Id.*

Filing any motion to compel discovery requires the party filing the motion to comply with Local Civil Rule 37((a), which provides:

> (1) *Meet and Confer Requirement*. Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference.

ORDER
PAGE - 1

> If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding pro se, willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in CR 11 of these rules.
>
> Local Civil Rule 1(c)(6) defines meet and confer as follows:
>
> (6) "Meet and Confer" means a good faith conference in person or by telephone to attempt to resolve the matter in dispute without the court's involvement. The court expects a high degree of professionalism and collegiality among counsel during any meet and confer conference.

Defendants have certified in this case that they met and conferred with Plaintiff prior to the filing of their motion. Dkt. #43 at 12. They do not specify how that meeting occurred, when it occurred, or who participated, although it appears that the parties have been attempting to resolve the issues over the course of several weeks, through letters and phone calls. Dkt. #44 at ¶¶ 6-19.

However, having reviewed the briefing in this matter, the Court is not convinced that the parties have made a good faith effort to resolve the issues now raised in this motion. For instance, much of Defendants' motion focuses on what it perceives as "gaps" in production. *See* Dkt. #43 at 3-8. Plaintiff responds that, for the most part, Defendants are seeking documents that do not exist, and that it is currently making supplemental searches and productions for others. It is not clear how the Court can resolve that issue other than by ordering a complete response to discovery requests (as Defendants seek), which does nothing more than reiterate existing obligations under the Federal Rules of Civil Procedure.

Similarly, Defendants complain that Plaintiff has not used appropriate search terms when looking for responsive documents. Dkt. #43 at 9. They offer their own list of search

ORDER
PAGE - 2

terms and ask the Court to order Plaintiff to conduct a search using those terms. *Id.* at 11. Yet, at the same time, Defendants state that Plaintiff has indicated it will discuss the proposed terms and will undertake a search using them if they are appropriate. Dkt. #43 at 9. Plaintiff also responds that it has engaged in an extensive search for responsive documents, that it did not narrow the search as Defendants assert, and that the motion includes search terms never previously communicated to Plaintiff. Dkt. #46 at 11. The Court will not order Plaintiff to conduct a search using terms that the parties have never discussed. Further, ordering Plaintiff to conduct a search it already asserts it is conducting, does nothing more than to direct Plaintiff to do what it is doing.

With respect to the contracts that Plaintiff is apparently withholding based on confidentiality agreements with third parties, Defendants state that this is the first time they have become aware of that issue. Dkt. #47 at 1. Again, the Court will not compel the production of documents that are being withheld for reasons never discussed by the parties.

Finally, Defendants admit that Plaintiff has continued to supplement production and has since produced some of the documents sought in their motion. Dkt. #49.

These are but a few examples of issues that should and could be resolved by the parties, without court intervention, through a good faith meet-and-confer.

Accordingly, the Court hereby ORDERS:

1. Defendants' Motion to Compel and to Modify the Case Schedule (Dkt. #43) is DENIED.

2. <u>No later than fourteen (14) days from the date of this Order</u>, the parties SHALL engage in a face-to-face conference to discuss the issues specifically raised in Defendants' motion.

ORDER
PAGE - 3

3. If, after such conference, there remains discovery in dispute, Defendants may renew their motion as to those disputed issues, notwithstanding the Court's current discovery motion deadline. Any such motion SHALL be noted as a three-Friday motion, unless the parties agree to utilize the expedited joint motion procedure set forth in Local Civil Rule 37(a)(2). Any such motion SHALL contain a certification of meet-and-confer, listing the date, manner, and participants to the conference. Any such motion SHALL NOT include new issues regarding discovery that were not already raised in the instant motion.

4. If the parties continue to believe that a modification of the current case schedule is necessary, they may make a motion for such modification either by way of separate motion (setting forth the specific reasons for the request), or with any renewed discovery motion allowed under Paragraph 3 of this Order.

DATED this 18th day of November 2016.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4